UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIYAAS NEILS<br><br>                plaintiff,<br><br>-versus-<br><br>CITY OF NEW YORK<br>NYPD OFFICERS. FORTUNATO TRANCHINA, shield #509, CARALYNN McGURK, tax #942147, CHRISTOPHER BROWER, tax # 932368,<br><br>                Defendants | INDEX NO.14cv6471(CBA)(VVP)<br><br>A jury trial is demanded<br><br>AMENDED COMPLAINT |

Plaintiff ELIYAAS NEILS, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress his constitutional and legal rights, and alleges as follows:

### STATEMENT OF THE ACTION

1. Defendant police officers arrested plaintiff without reasonable basis or justification, lied in the accusatory instruments, caused his incarceration for at least four days, and maliciously prosecuted him for seven months..

### JURISDICTION, VENUE

2. Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and principles of pendant jurisdiction.  Venue is proper because Plaintiff resides in Kings County, was arrested in Kings County, and the crimes of which he was accused allegedly occurred in Richmond County.

### PARTIES

3. Plaintiff was at all times relevant a citizen of the state of New York and a resident of King County.

4. Defendant police officers are employees and agents of defendant City of New York.  At all times relevant they acted in their capacity as a New York City police

1

officer, in furtherance of the City's interests, and in conformance with the usages and practices of the City of New York and the New York City Police Department.

    5.    Defendant City of New York is a municipal corporation. It is authorized by its charter to maintain a police department, for which it retains responsibility.

## FACTS

    6.    On April 8, 2014, plaintiff appeared in Kings County criminal court charged with possession of marijuana. The charges were that day dismissed

    7.    As he left the courtroom he was accosted and arrested by two NYPD officers, and driven to Staten Island.

    8.    At the S.I.122nd Precinct, he was interviewed by defendant detective Tranchina, who informed him that he faced multiple felony and misdemeanor charges stemming from the theft on January 28, 2014 of two cell phones from a Verizon store in Staten Island.

    9.    Det. Tranchina claimed that a Verizon employee, Herbert Portillo, had identified him from a photo array.

    10.    On information and belief, all three defendant police officers participated in the preparation and/or presentation of said photo array.

    11.    Plaintiff was taken to Staten Island Central Booking, from where he was removed to Rikers Island. He remained in custody until his family was able raise bail.

    12.    On his release, plaintiff got in touch with Verizon employee Herbert Portillo.

    13.    Portillo denied that he had ever identified plaintiff from photographs.

    13.    Portillo further stated that during the photo array session a detective insistently urged him to select a particular photograph but that he refused to do so.

    14.    Portillo wrote his home telephone number on the back of a Verison

business care and gave it to plaintiff.

15. Plaintiff's prosecution lasted until October 9, 2014, when all charges were dismissed.

16. As a result of his arrest and incarceration, plaintiff lost his job and his apartment. He has not succeeded in finding new employment.

## CAUSES OF ACTION

### I. 42 USC §1983 violation of civil rights: False arrest

17. There was no reasonable cause to arrest plaintiff.

### II. 42 USC §1983 violation of civil rights: Malicious Prosecution

18. Defendant officers caused plaintiff's prosecution for seven months though they had no evidence to support the charges.

### III. Liability of City of New York for constitutional violations

19. The constitutional violations herein alleged are directly caused by policies of New York City and New York City Police Department that tacitly encourage lawless behavior by NYPD officers.[1]

### IV. Fraud Upon the Court

20. By falsely stating in the accusatory instrument that a witness had identified plaintiff as the perpetrator of a crime, defendant officers committed fraud upon the court, resulting in substantial harm to plaintiff..

---

1. The 2013 CCRB Report states that 11,501 complaints of police misconduct were filed in 2012. Total number of officers disciplined as a result was 104, with penalties such as command instruction, loss of vacation pay, probation. Only one officer was terminated.

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

     A.    Injunctive relief, in that this Court should compel defendant City of New York to control illegal conduct among its police officers.

     B.    Declaratory relief in that this Court should declare that the conduct of the defendants herein violated plaintiff's constitutional rights;

     C.    Compensatory damages;

     E.    Costs and interest and attorney's fees;

     F.    Such other and further relief as this court may deem appropriate and equitable in the interests of justice.

Dated:    New York, New York
             March 9, 2015

                                                              _____
                                                              George Wachtel [GW5921]
                                                              Law Office of Ronald L. Kuby
                                                              119 W. 23st., Suite 900
                                                              New York, NY 10011
                                                              212 529-0223
                                                              212 529-0644 fax
                                                              GWachtel@kubylaw.com